**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,                       Case No.

vs.                                         Honorable

THE WW GROUP, INC.
d/b/a Weight Watchers,            COMPLAINT
                                               AND JURY DEMAND

       Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy and to provide appropriate relief to Wendy Lamond-Broughton who was adversely affected by such practices, as alleged with greater particularity in paragraph 7. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, The WW Group, Inc. d/b/a Weight Watchers, discriminated against Lamond-Broughton on the basis of her sex by refusing to hire her because she was pregnant.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer ("the Employer") has continually been a Michigan corporation doing business in the State of Michigan and the city of Farmington Hills, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit Lamond-Broughton filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 14, 2009, Defendant Employer engaged in an unlawful employment practice in violation of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Lamond-Broughton on the basis of her sex by refusing to hire her as a Group Leader because she was pregnant at the time of her application.

8. The effect of the conduct complained of in paragraph 7, above, has been to deprive Lamond-Broughton of equal employment opportunities and otherwise adversely affect her status as an employee.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Lamond-Broughton.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and in particular discrimination based on pregnancy by refusing to hire pregnant applicant.

  B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all of its job applicants, including pregnant applicants, and which eradicate the effects of its past and present unlawful employment practices.

  C. ORDER Defendant Employer to make whole Lamond-Broughton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, in amounts to be determined at trial.

  D. ORDER Defendant to make whole Lamond-Broughton by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

  E. ORDER Defendant Employer to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial.

  F. GRANT such further relief as the Court deems necessary and proper in the public interest.

  G. AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION

                                  Respectfully submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG
Regional Attorney

*/s/ Kenneth L. Bird*
KENNETH L. BIRD
Acting ~~Supervisory~~ Trial Attorney

*/s/ Nedra D. Campbell*
NEDRA D. CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
nedra.campbell@eeoc.gov
Dated: September 26, 2011        Tel. No. (313) 226-3410

5