UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

Case No. 11-14220

v.

Honorable Paul D. Borman
United States District Judge

THE WW GROUP, INC.
d/b/a WEIGHT WATCHERS,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

This matter is before the Court on Defendant's Motion to Dismiss the Complaint with Prejudice, or, in the Alternative, Require Plaintiff to File a More Definite Statement. The Court held a hearing on February 17, 2012. For the reasons that follow, the Court DISMISSES the Complaint, but Without Prejudice.

**I.**     **INTRODUCTION**

On November 12, 2009, Wendy Lamond-Broughton filed a Charge of Discrimination against the WW Group, Inc. (d/b/a Weight Watchers) ("Defendant"). The Charge of Discrimination alleges that Defendant violated Title VII of the Civil Rights Act by refusing to interview/hire Ms. Lamond-Broughton as a Group Leader on September 14, 2009 because Ms. Lamond-Broughton was pregnant: "due to sex, pregnancy, in violation of Title VII."

On September 26, 2011, the EEOC filed a Complaint against Defendant. On October 26, 2011, Defendant filed a Motion to Dismiss the Complaint with Prejudice, or, in the Alternative, Require Plaintiff to file a More Definite Statement pursuant to Fed. R. Civ. P. 12(b)(6). On November 28, 2011, the EEOC filed a response. On December 27, 2011, Defendant filed a reply. The Court held a hearing on February 17, 2012.

### III.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In addition to the allegations and exhibits of the complaint, a court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citations omitted).

## III. ANALYSIS

Plaintiff alleges that Defendant violated Section 701 of Title VII, 42 U.S.C. § 2000e-2(a)(1), which states, in pertinent part, "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire . . . any individual . . .because of such individual's . . . sex . . . ."[1] Plaintiff's Complaint contains only one paragraph (¶ 7) containing a factual allegation that Defendant has violated the law:

> 7. On or about September 14, 2009, Defendant Employer engaged in an unlawful employment practice in violation of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), by discriminating against Lamond-Broughton on the basis of her sex by refusing to hire her as Group Leader because she was pregnant at the time of her application.

(Compl. ¶ 7)

The Complaint is deficient because it does not allege certain required facts. While the Complaint states that "[Defendant] has continually been a Michigan corporation doing business in the State of Michigan and the city of Farmington Hills . . . ." (Compl. §4), it does not indicate where the specific act of alleged unlawful discrimination took place. Stating that "The employment practices alleged to be unlawful were committed" in "the Eastern District of Michigan, Southern Division" is too broad. Further, the Court notes that the Complaint alleges "employment practices", but then only speaks of one alleged practice. The Complaint does not indicate to whom Ms. Lamond-Broughton spoke with or met with, or where or how she was refused employment. Plaintiff can, and must, plead better.

---

[1] "'Because of sex' as used in Title VII includes 'because of or on the basis of pregnancy . . . .'" *Spees v. James Marine, Inc.*, 617 F.3d 380, 389 (6th Cir. 2010) (quoting 42 U.S.C. §2000e(k)).

4

At the instant hearing, the EEOC's counsel argued that the EEOC's complaints are done in its headquarters office, and therefore this Court could sign off on this deficient Complaint: "You have to look at the Scrub case [*EEOC v. Scrub, Inc.*, 2009 WL 3458530 (N.D. Ill.)], and these cases involving EEOC complaints where the court was likewise confronted with a motion to dismiss. Our complaints are done, you know, in a nationwide way where we file complaints similarly . . . . So I'm asking that you look at those decisions." The Court rejects this argument. The ordinary rules for assessing the sufficiency of a complaint apply to Title VII complaints. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Today, the ordinary rules require a complaint that passes scrutiny under *Twombly* and *Iqbal*. The instant Complaint does not meet this test. Thus, the fact that the EEOC uses a standardized template for complaints does not render the instant Complaint sufficient where it is otherwise deficient under *Twombly* and *Iqbal*.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES the Complaint WITHOUT PREJUDICE.

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 2-22-12

---

[2] The instant Complaint's deficiencies are incomprehensible given that "the EEOC has extraordinary pre-litigation discovery powers that are not available to ordinary litigants . . . . The EEOC is granted broad administrative authority to conduct extensive pre-litigation discovery . . . ." *EEOC v. E.J. Sacco, Inc.*, 102 F.Supp.2d 413, 417, 419 (E.D. Mich. 2000). Indeed, in the instant case, the EEOC used these powers; it requested and held a fact finding conference with Defendant, and it conducted an on-site review with Defendant. Yet, despite that pre-litigation discovery, the "cookie-cutter" Complaint does not contain the necessary fact product required under *Twombly* and *Iqbal*.